| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>William H. Brownstein, SBN 84507<br>William H. Brownstein & Associates, Professional Corporation<br>1250 Sixth Street, Suite 205<br>Santa Monica, CA  90401-1637<br>Telephone: (310) 458-0048<br>FAX: (310) 576-3581<br>Email: Brownsteinlaw.bill@gmail.com<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtor and Debtor in Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,<br><br><br><br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 1:10-bk-22182 GM<br><br>DATE:     5/3/11<br>TIME:     9:30 a.m.<br>CTRM:    303<br>FLOOR:   Third |

SUPPLEMENTAL
**RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION
THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
(MOVANT:** JPMORGAN CHASE BANK. NATIONAL ASSOC. **)**
**(RESPONDENT:** ☒ **Debtor**   ☐ **Trustee**   ☐ **Other:** _____ **)**

---

***GENERAL NOTE:*** *A request for additional time is **not** usually an adequate response in opposition to the Motion.  This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

---

1.  ☐   **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   ***NOTE:***  *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2.  ☐   **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay.  Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify)*:

*(Continued on next page)*

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Response to Motion for Relief from Stay - *Page 2 of* 38___    **F 4001-1M.RES**

| | | |
|---|---|---|
| In re | (SHORT TITLE) | CHAPTER: 11 |
| | DESIREE NEMAN 1999 TRUST, BUSINESS TRUST, | |
| | Debtor(s). | CASE NO.: 1:10-bk-22182 GM |

3. ☐ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a.  Respondent disputes the allegations/evidence contained in the Motion.  As shown in the Declaration(s) filed with this Response:

   ☒  The value of the Property is $ 430,000.00_____, based upon (*specify*):
       Appraisal prepared by John & Associates, through its Chief Appraiser Ovanes J, Gyurjian.

   ☒  Total amount of debt (loans) on the Property is $ 577,688.71_____.

   ☐  More payments have been made to Movant than the Motion has accounted for.  True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☒  The Property is necessary for an effective reorganization.  Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐  The Property is insured.  A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐  The Movant's description of the status of the unlawful detainer proceeding is not accurate.  See attached Declaration for Respondent's evidence.

   ☐  Respondent denies that this bankruptcy was filed in bad faith or improperly.  See attached Declaration containing Respondent's evidence.

   ☐  Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.
   ☐  Service of the Motion:    ☐  Not all parties were served    ☐  Insufficient notice of the hearing
   ☐  Incorrect address used for (*specify*) _____
   ☐  Other (*specify*):

   b.  Respondent asserts:

   ☒  Case has been converted from Chapter 7_____ to Chapter 11_____.
   ☐  All postpetition arrears will be cured by the hearing date.
   ☐  The Debtor has equity in the Property in the amount of $_____.
   ☒  Movant has an equity cushion of $ 252,311.29_____ which is sufficient to provide adequate protection.
   ☒  The Property is necessary for an effective reorganization because (*specify reasons why*):
       This is the primary asset of this estate. The Debtor has recently rented it out and will use the rents plus contributions to fund a Plan. This is a single asset real estate case and Debtor will pay Movant as adequate protection $1929.31.
   ☒  The Motion should be denied because (*specify*):

       The Debtor had arranged a loan modification with the Movant prior to filing its case. Debtor had made all payments agreed and after approximately 6 months the Movant published a notice of sale and stated that it had no intention of modifying the loan. Debtor's Settlor, Tony Neman, is awaiting the closing of a transaction under which he will generated sufficient funds to reinstate the loan to Movant under its 15 year note. Debtor will pay adequate protection of $1,929.21 a month, or such other amount as the Court deems reasonable. See MRFS, P: 17-28 for the payment amount in the note. Movant, as a matter of law, having an equity cushion of 141.996% is adequately protected. See In re Mellor, C.A.9 (Cal.) 1984, 734 F.2d 1396

       *(Continued on next page)*

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.RES**

Response to Motion for Relief from Stay - *Page 3 of* 38___    **F 4001-1M.RES**

| In re                    (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,                                      Debtor(s). | CASE NO.: 1:10-bk-22182[GM] |

4.    **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> <u>*NOTE RE SUPPORTING PAPERS:*</u> *Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.*

> <u>*NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS*</u>: *Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.*

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

☒ Declaration by Debtor                    ☐ Declaration by Debtor's Attorney

☐ Declaration by Trustee                   ☐ Declaration by Trustee's Attorney

☐ Declaration by Appraiser                 ☒ Memorandum of Points and Authorities *(optional)*

☒ Other *(specify)*: Exhibit confirming value

Dated: 4/26/11

Respectfully submitted,

Desiree Neman 1999 Trust, Business Trust
_____
*Respondent's Name*

William H. Brownstein & Associates, P.C.
_____
*Law Firm Name (if applicable)*

By: *William H Brownstein* _____
    *Signature*

Name:    William H. Brownstein
         _____
         *Attorney for Respondent or Pro Se Respondent*

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                               **F 4001-1M.RES**

Case 1:10-bk-22182-GM    Doc 45    Filed 04/26/11    Entered 04/26/11 14:36:43    Desc
Response to Motion for Relief from Stay - Page 2 of 38
Main Document    Page 4 of 38

**390**

| In re | (SHORT TITLE) | CHAPTER 7 |
|---|---|---|
| DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,. | | |
| | DEBTOR(S). | CASE NO. 1:10-bk-22182 GM |

## DECLARATION OF WILLIAM H. BROWNSTEIN

I, William H. Brownstein, do hereby declare and state as follows:

1.      I am an attorney-at-law duly admitted to practice before all courts of the State of California and before this Court. I am the president of William H. Brownstein & Associates, Professional Corporation (the "Firm") and I am responsible for the case of the Desiree Neman 1999 Trust, Business Trust (the "Debtor"). I make the following declaration based on my personal knowledge, information and belief.

2.      The RFS Motion shows that the secured creditor's loan carries interest at the rate of 5.25% interest. It is my understanding of 11 U.S.C. §362(d)(3) that the Debtor's responsibility for payment in a single asset real estate case such as this :

(I) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

3.      The Note Secured by a Deed of Trust against the Debtor's property was included with the RFS Motion. Even though I am not convinced that there was a valid assignment to the Moving Party, not that they necessarily have standing to proceed, without waiving those potential defects I note that the document purporting to be the Note shows an interest rate on the fully amortized note at 5.25%. See MRFS P:17-19. Incorporated herein by this reference as Exhibit "1" is a true and correct copy of the Note.

4.      On December 22, 2010 at the request of the Debtor I caused the DEBTOR'S MOTION FOR THE AUTOMATIC CONVERSION OF CHAPTER 7 CASE TO A CASE  UNDER CHAPTER 11; DECLARATION IN SUPPORT THEREOF and the proposed Order to be prepared and filed with the Bankruptcy Court.

5.      As this case is being converted to one under Chapter 11, it is my belief that as this property has an equity cushion of almost 100% above the Moving Party's note, that it is, as a matter of law, adequately protected. Furthermore, as the property is necessary for an effective reorganization and this case was just filed the motion is, in my opinion, premature.

I declare that the foregoing statements are true and correct under the Laws of the United States of America to the best of my knowledge, information and belief under the penalty of perjury and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 26th day of April 2011.

William H. Brownstein

Case 1:10-bk-22182-GM    Doc 45    Filed 04/26/11    Entered 04/26/11 14:36:43    Desc
Response to Motion for Relief from Stay - Page 5 of 38
Main Document    Page 5 of 38

**390**

| In re                          (SHORT TITLE) | CHAPTER 7 |
|---|---|
| DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,. | |
| DEBTOR(S). | CASE NO. 1:10-bk-22182 GM |

## DECLARATION OF TONY NEMAN

I, Tony Neman, do hereby declare and state as follows:

1.      I am the settlor of the Debtor and I make the following declaration based on my personal knowledge, information and belief.

2.      Prior to the filing of this case the Debtor, through my negotiations, had arrived at what I believed to be a forbearance agreement with Chase, the holder of the note secured by the first deed of trust.

3.      Pursuant to that agreement, monthly payments of $1,666.00 were made in the form of Cashier's Checks from May 20, 2010 through July 15, 2010, after which time Chase informed me that the entity holding the note would not agree to the forbearance or modification because of the substantial equity that they had in the subject property.

4.      I have been working on a transaction under which I will generate sufficient funds to fully reinstate any arrearage owed to Chase and be in a position to contribute the funds necessary to fund a Chapter 11 plan of reorganization. Have been waiting for the matter to close since last year and I am optimistic that it will close by July 31, 2011.

5.      This case was initially filed as a Chapter 7 case and later it was converted to a case under Chapter 11.

6.      I am working with the holder of the 2nd Trust Deed for a loan modification and the Debtor has filed its motion for a valuation and lien modification as to the 2nd Trust Deed holder, the hearing on which is scheduled to take place on June 7, 2011 at 10:00 a.m.

7.      The property is necessary for an effective reorganization of the Debtor. A plan is being drafted and the hearing on the adequacy of the disclosure statement is set for June 30, 2011.

8.      The Note attached to the RFS Motion shows monthly payments of $1,929.31. See MRFS P:17-28.

9.      In preparation for the lien valuation motion, I caused an appraisal to be ordered of the subject property. That valuation is as of 4/14/2011 and shows a value of $430,000, an increase from the value I estimated on the schedules of $350,000.

10.      As a condition for the automatic stay to stay in effect I agree to have the $1,929.31 or such other amount as the Court deems reasonable, paid even though Chase has an equity cushion based on our appraisal exceeding $252,000 on its loan which is allegedly in the amount of approximately $179,000.00.

I declare that the foregoing statements are true and correct under the Laws of the United States of America to the best of my knowledge, information and belief under the penalty of perjury and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 26th day of April 2011.


_____
Tony Neman

Case 1:10-bk-22182-GM    Doc 45    Filed 04/26/11    Entered 04/26/11 14:36:43    Desc
Response to Motion for Relief from Stay - Page 6 of 38
Main Document    Page 6 of 38

**390**

| In re                              (SHORT TITLE)<br>DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,.<br><br>                                                    DEBTOR(S). | CHAPTER 7<br><br>CASE NO. 1:10-bk-22182 GM |
| --- | --- |

MEMORANDUM OF POINTS AND AUTHORITIES

I.

OPENING STATEMENT AND INTRODUCTION.

Debtor is the Debtor in Possession in a Chapter 11 case having filed a Chapter 7 case which was, pursuant to the Order of the Honorable Geraldine Mund, Bankruptcy Judge, converted to a case under Chapter 11 of the Bankruptcy Code.

**JPMorgan Chase Bank, National Association, and its successors and/or assignees** ("Chase" and/or the "Moving Party") filed The RFS Motion shows that the secured creditor's loan carries interest at the rate of 5.25% interest. It is my understanding of 11 U.S.C. §362(d)(3) that the Debtor's responsibility for payment in a single asset real estate case such as this :

(I) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

Chase shows that the Subject Property to the RFS Motion has a total owed to it of $177,688.71. RFS Motion, P:7-11.

The Debtor has an appraisal dated April 14, 2011 showing a value of $423,000, for an equity cushion exceeding 100%. Even in the schedules originally filed in this case, which estimated the value at $350,000.00, Chase would have an equity cushion exceeding 100%.

II
Argument.

a.    The Motion is Premature.

This case was only just converted to one under Chapter 11. The Debtor has a disclosure statement hearing set for late June 2011 and it is proceeding with its case.

It is submitted that at outset of Chapter 11 case, debtor need only show that reorganization is "plausible" to establish that reorganization is "in prospect" so as to avoid relief from automatic stay as to property in which debtor lacks equity; in interim period as expiration of exclusivity period approaches, reorganization must be probable, and after exclusivity period ends and confirmation draws near, reorganization must virtually be assured. *In re Grand Traverse Development Co. Ltd. Partnership,* Bkrtcy.W.D.Mich.1993, 150 B.R. 176.

In *In re Padgett,* Bkrtcy.S.D.Ohio 1987, 74 B.R. 65, mortgagee was not entitled to relief from automatic stay in Chapter 11 proceeding, even though mortgagee established that debtor did not have equity in subject property and even if there was no realistic hope that debtor could reorganize and establish viable enterprise; resumption of business is not the only objective of Chapter 11 reorganization, but rather, liquidation advantageous to creditors could satisfy requirement that property is necessary to effective reorganization.

b.    Even if the Court considers the Motion, Movant is Adequately Protected and the Motion Should Be Denied.

In the subject case the Movant has established that even under the worst possible case scenario that it has an equity cushion exceeding 100%. Thus, although existence of junior lien may be relevant in

| In re                        (SHORT TITLE) | CHAPTER 7 |
|---|---|
| DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,. | |
| DEBTOR(S). | CASE NO. 1:10-bk-22182 GM |

determining "equity" under automatic stay statute, it cannot be considered in determining whether interest of senior lienholder is adequately protected. *In re Mellor,* C.A.9 (Cal.) 1984, 734 F.2d 1396.

       c.     <u>The Debtor Will Make Adequate Protection Payments as a Condition for Denial of the RFS Motion.</u>

Assuming arguendo that over the foregoing authority the Court nevertheless orders the payment of adequate protection, the Debtor is offering to pay Chase adequate protection payments of $1,929.31 shown in the Note, or such other amount as the Court finds reasonable, as a condition of continuing with the automatic stay.

III.

Summary

For the foregoing reasons it is submitted that the Motion is premature, that Chase is adequately protected and that as such the RFS Motion should be denied.

DATED: April 26, 2011                Respectfully submitted,

                                  William H. Brownstein & Associates,
                                     Professional Corporation

By: _____
                    William H. Brownstein, Attorneys for Debtor
                    and Debtor in Possession



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

**Customer Copy**

**1140205023**

05/20/2010

California

Remitter  NILOOFAR FOULADIAN

$ **********1,666.00  ***

**Pay To The Order Of**  CHASE
LOAN #8421094494  1825 W HOLME AV #3 LA  90025- 4954

(May. 2010 Payment

Drawer:  JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

EXHIBIT "1"
8



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

**Customer Copy**

1157204194

06/16/2010

California

**Remitter**  NILOOFAR FOULADIAN

$ **********1,666.00  ***

**Pay To The
Order Of**

CHASE
LOAN #8421094494 1825 W HOLME AV # 3 LA  CA 90035

Drawer:  **JPMORGAN CHASE BANK, N.A.**

**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

EXHIBIT "1"
9

 **CHASE**

Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**

**Customer Copy**

**1157204675**

07/15/2010

California

Remitter  **NILOOFAR FOULADIAN**

$ **\*\*\*\*\*\*\*\*\*\*1,666.00** \*\*\*

Pay To The
Order Of

CHASE
LOAN #8421094494 1825 W HOLME AV #3 LAC A 90025

July 2010 payment

Drawer:  **JPMORGAN CHASE BANK, N.A.**

**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

# APPRAISAL REPORT

# OF



1825 Westholme Ave 3
Los Angeles, Ca 90025

# PREPARED FOR

William H. Brownstein, Attorney at Law
1250 Sixth St.Suite 205
Newhall, CA 91321

# AS OF

04/14/2011

# PREPARED BY

John & Associates
5802 Cedros Ave
Van Nuys, CA 91411

EXHIBIT "2"

# INVOICE

Date:  04/15/2011                                          File No.  **1825WEST**
                                                           Case No.

Prepared for:

    William H. Brownstein, Attorney at Law
    1250 Sixth St.Suite 205
    Santa Monica, CA 90401

Property Appraised:

    Newman Tony/Neman Desiree /TR
    1825 Westholme Ave 3
    Los Angeles, Ca 90025

Work Performed:

| Description | | Amount |
|---|---|---|
| Appraised (Condo Single Family Residence) 1073 | $ | 350.00 |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| Payment | $ | 0.00 |
| Total Amount Due: | $ | 350.00 |

Please make checks payable to:

    John & Associates
    5802 Cedros Ave
    Van Nuys, CA 91411
    Tel: (323) 833-6361
    Fax: (818) 232-0344
    E-Mail:  hovanes7@yahoo.com

| Client: | William H. Brownstein, Attorney at Law | Client File #: | |
|---|---|---|---|
| Subject Property: | 1825 Westholme Ave 3 | Appraisal File #: | 1825WEST |

# Table of Contents

| Page Title | Page # |
|---|---|
| Individual Condominium Pg 1 | 1 |
| Individual Condominium Pg 2 | 2 |
| Individual Condominium Pg 3 | 3 |
| Extra Comps 4-5-6 | 4 |
| Appraisal Identification | 5 |
| Photo Subject | 6 |
| Photo Subject Extra | 7 |
| Photo Subject Extra | 8 |
| Photo Subject Extra | 9 |
| Photo Subject Extra | 10 |
| Photo Subject Extra | 11 |
| Photo Subject Extra | 12 |
| Photo Comparables 1-2-3 | 13 |
| Photo Comparables 4-5-6 | 14 |
| Comments | 15 |
| Location Map | 16 |
| Sketch | 17 |
| Plat Map | 18 |
| Certification Page 1 | 19 |
| Certification Page 2 | 20 |
| Certification Page3 | 21 |
| Appraiser License Certificate | 22 |

John & Associates
5802 Cedros Ave
Van Nuys, CA 91411
(323) 833-6361

---

04/15/2011

William H. Brownstein, Attorney at Law
1250 Sixth St.Suite 205
Newhall, CA 91321


RE:       Newman Tony/Neman Desiree /TR
          1825 Westholme Ave 3
          Los Angeles, Ca 90025
File No.  1825WEST
Case No.


Dear  Dear:

In accordance with your request, I have personally inspected and prepared an appraisal report of the real
property located at:

                    1825 Westholme Ave 3, Los Angeles, Ca 90025


The purpose of this appraisal is to estimate the market value of the property described in the body of this
appraisal report.

Enclosed, please find the appraisal report which describes certain data gathered during our investigation
of the property.  The methods of approach and reasoning in the valuation of the various physical and
economic factors of the subject property are contained in this report.

An inspection of the property and a study of pertinent factors, including valuation trends and an analysis of
neighborhood data, led the appraiser to the conclusion that the market value, as of  04/14/2011
is:

                              $      430,000

The opinion of value expressed in this report is contingent upon the limiting conditions attached to this
report.

It has been a pleasure to assist  you.  If I may be of further service to you in the future, please let me know.


Respectfully submitted,

Signature:  _____

Ovanes J. Gyurjian
Chief Appraiser

File No.  1825WEST
Case No.

## Individual Condominium Unit Appraisal Report

The purpose of this summary appraisal report is to provide the client with an accurate, and adequately supported, opinion of the market value of the subject property.

**SUBJECT**

Property Address 1825 Westholme Ave 3    Unit # 3    City    Los Angeles    State  Ca    Zip Code    90025
Owner    Newman Tony/Neman Desiree /TR    Intended User    William H. Brownstein, Attorney at Law    County    Los Angeles
Legal Description Tr=36534 Condominium Unit 3
Assessor's Parcel No.  4317-004-081    Tax Year    2010    R.E. Taxes $ 8469
Project Name  1825 Westholme    Phase #    1    Map Reference    632-c4    Census Tract    2671.00
Occupant  [ ] Owner [X] Tenant  [ ] Vacant    Special Assessments $    N/A    HOA $    250    [ ] per year [X] per month
Property Rights Appraised  [X] Fee Simple  [ ] Leasehold  [ ] Other (describe)
Intended Use  Bankruptcy Court
Client  William H. Brownstein, Attorney at Law    Address  1250 Sixth St.Suite 205, Newhall, CA 91321
Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?    [ ] Yes  [X] No
Report data source(s) used, offerings price(s), and date(s).  NDCdata, Socal MLS and inspection

**CONTRACT**

[ ] did  [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.  N/A

Contract Price $    Date of Contract    Is the property seller the owner of public record?  [X] Yes  [ ] No  Data Source(s)  NDCData
Is there any financial assistance (loan charges, sale concessions, gift or down payment assistance, etc.) to be paid by any party on behalf of the purchaser?  [ ] Yes  [ ] No
If Yes, report the total dollar amount and describe the items to be paid.  N/A

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | Condominium Unit Housing Trends | | | Condominium Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|
| Location [ ] Urban [X] Suburban [ ] Rural | Property Values [X] Increasing [ ] Stable [ ] Declining | PRICE | AGE | One-Unit | 80 % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply | $ (000) | (yrs) | 2-4 Unit | 5 % |
| Growth [ ] Rapid [X] Stable [ ] Slow | Marketing Time [X] Under 3 mths [ ] 3-6 mths [ ] Over 6 mths | 400 Low | 10 | Multi-Family | 10 % |
| Neighborhood Boundaries  Wilshire Blvd. to the North, Century City. to the East, Pico Blvd. to the South, | | | 1,640 High | 90 | Commercial | 5 % |
| 405 Freeway. to the West. | | | 565 Pred. | 45 | Other | 0 % |

Neighborhood Description  Subject is located in a residential neighborhood of conforming single family residences and multi family dwellings
Neighborhood is located within close proximity to major employment centers, schools, parks, transportation, and supporting facilities. At time of
inspection, there were no adverse conditions noted that would have a negative affect on marketability.
Market Conditions (including support for the above conclusions)  Market values are in a reduced state but stable.  Short sale and foreclosures are very
prominent and affect the value of real estate properties sold in the area. The instability created a buyer's market . Conventional
and FHA financing are currently utilized in the market place, generally at favorable rates.

**PROJECT SITE**

Topography    Level    Size    Conforming    Density    Typical    View    None Noted
Specific Zoning Classification    Lar3    Zoning Description  CONDOMINIUM
Zoning Compliance  [X] Legal  [ ] Legal Nonconforming - Do the zoning regulations permit rebuilding to current density? [ ] Yes [ ] No  Removal.
[ ] No Zoning  [ ] Illegal (describe)
Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes  [ ] No, describe.

| Utilities  Public  Other (describe) | | Public  Other (describe) | Off-site Improvements—Type | | Public  Private |
|---|---|---|---|---|---|
| Electricity [X] | | Water [X] | Street  Asphalt | | [X] |
| Gas [X] | | Sanitary Sewer [X] | Alley  None | | |

FEMA Special Flood Hazard Area  [ ] Yes  [X] No  FEMA Flood Zone    X    FEMA Map #    060137 - 1595F    FEMA Map Date    09/26/2008
Are the utilities and/or off-site improvements typical for the market area?  [X] Yes  [ ] No  If No, describe.
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?  [ ] Yes  [X] No  If Yes, describe.
The subject site is a level topography, average size lot. Usage is well conforming with typical improvements and with no apparent encroachments,
special assessments, or easements.

**PROJECT INFORMATION**

Data source(s) for project information  NDCdata, RealQuest, Matrix MLS, Management Co. & Inspection
Project Description [ ] Detached [X] Row or Townhouse [ ] Garden [ ] Mid-Rise [ ] High-Rise [ ] Other (describe)

| General Description | General Description | Subject Phase | | If Project Completed | | If Project Incomplete | |
|---|---|---|---|---|---|---|---|
| # of Stories  2 | Exterior Walls  Stucco | # of Units | 5 | # of Phases | 1 | # of Planned Phases | N/A |
| # of Elevators  None | Roof Surface  Built-up | # of Units Completed | 5 | # of Units | 5 | # o f Planned Units | N/A |
| [X] Existing [ ] Proposed | Total # Parking  11 | # of Units For Sale | 1 | # of Units for Sale | 1 | # of Units for Sale | N/A |
| [ ] Under Construction | Ratio (spaces/units)  2-1 | # of Units Sold | 5 | # of Units Sold | 5 | # of Units Sold | N/A |
| Year Built  1981 | Type  Subterranean | # of Units Rented | 2 | # of Units Rented | 2 | # of Units Rented | N/A |
| Effective Age  1981 | Guest Parking  1 | # of Owner Occupied Units | 3 | # of Owner Occupied Units | 3 | # of Owner Occupied Units | N/A |

Project Primary Occupancy [X] Principal Residence [ ] Second Home or Recreational [ ] Tenant
Is the developer/builder in control of the Homeowners' Association (HOA)?  [ ] Yes [X] No
Management Group - [ ] Homeowners' Association [X] Developer [ ]    Management Agent - Provide name of management company.  Westholme Townhouse
Owners Association, Joshua Simon 310-445-8484
Does any single entity (the same individual, investor group, corporation, etc.) own more than 10% of the total units in the project?  [ ] Yes [X] No If Yes, describe

Was the project created by the conversion of an existing building(s) into a condominium?  [ ] Yes [X] No  If Yes, describe the original use and the date of conversion.

Are the units, common elements, and recreation facilities complete (including any planned rehabilitation for a condominium conversion)? [X] Yes [ ] No  If No, describe

Is there any commercial space in the project?  [ ] Yes [X] No  If Yes, describe and indicate the overall percentage of the commercial space.

File No.    1825WEST
Case No.

## Individual Condominium Unit Appraisal Report

**PROJECT INFORMATION**

Describe the condition of the project and quality of construction. Improvements are of average size and typical for the area. Quality of construction is average having an under ground garage, a gated entry way and almost no side or back yards. Units are average. No signs of major damage, however a possible water damage noted to the roof, and underground garage walls and stucco, also a fresh coat of paint. No physical or external obsolescence noted.

Describe the common elements and recreational facilities.    None.

Are any common elements leased to or by the Homeowners' Association? [  ]    Yes [X] No  If Yes, describe the rental terms and options.

Is the project subject to ground rent? [  ]    Yes [X] No  If Yes, $          per year (describe terms and conditions)

Are the parking facilities adequate for the project size and type? [X] Yes [  ]    No  If No, describe and comment on the effect on value and marketability.

**PROJECT ANALYSIS**

I [  ] did [X] did not analyze the condominium project budget for the current year. Explain the results of the analysis of the budget (adequacy of fees, reserves, etc.), or why the analysis was not performed. Extraordinary assumption: CCR's and budget were not available for review. There are no pending litigations on the subject property. The appraiser is not aware of any adverse characteristics contained in the condo documents. Per HOA rep, Unit # 3 has an unpaid balance of HOA dues in the amount of $6,000.

Are there any other fees (other than regular HOA charges) for the use of the project facilities? [  ]    Yes [X] No  If Yes, report the charges and describe.

Compared to other competitive projects of similar quality and design, the subject unit charge appears [  ]    High [X] Average [  ]    Low  If High or Low, describe

Are there any special or unusual characteristics of the project (based on the condominium documents, HOA meetings, or other information) known to the appraiser? [  ]    Yes [X] No  If Yes, describe and explain the effect on value and marketability.

**UNIT DESCRIPTION**

| Unit Charge $ | 250 | per month X 12 = $ | 3,000 | per year. | Annual assessment charge per year per square feet of gross living area = $ | 2 |

Utilities included in the unit monthly assessment [  ] None [  ] Heat [  ] Air Conditioning [  ] Electricity [  ] Gas [X] Water [X] Sewer [  ] Cable [X] Other (describe)    Water and Gas

| General Description | Interior materials/condition | Amenities | Appliances | Car Storage |
|---|---|---|---|---|
| Floor #   1 | Floors  Carpet/Tile/Average | [X] Fireplace(s) #   2 | [P] Refrigerator | [  ] None |
| # of Levels  3 | Walls  Drywall/Average | [  ] Woodstove(s) # | [X] Range/Oven | [X] Garage [  ] Covered [  ] Open |
| Heating Type Central Gas | Trim/Finish  Wood/Average | [  ] Deck/Patio | [X] Disp [P] Microwave | # of Cars  2 |
| [X] Central AC [  ] Individual AC | Bath Wainscot  Tile/Average | [X] Porch/Balcony Porch | [X] Dishwasher | [  ] Assigned [X] Owned |
| [  ] Other (describe) | Doors  Wood/Average | [  ] Other | [  ] Washer/Dryer | Parking Space #  N/A |

Finished area above grade contains:    6    Rooms    2    Bedrooms    3    Bath(s)    1,946    Square Feet of Gross Living Area Above Grade

Are the heating and cooling for the individual units  separately metered? [X] Yes [  ]    No  If No, describe and comment on compatibility to other projects in the market area.

Additional features (special energy efficient items, etc.)  See Comments on Page 15 of 22.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  No super adequacies noted. Some deferred maintenance noted to the ceiling and drywall of master bedroom and upstairs bathroom, a possible water damage. Overall subject property is in average condition.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [  ]    Yes [X] No  If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [  ]    No  If No, describe

**PRIOR SALE HISTORY**

I [X] did [  ]    did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research [  ]    did [X]    did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.    Data source(s)  NDCData

My research [  ]    did [X]    did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.    Data source(s)  NDCData

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No transactions noted | No transactions noted | No transactions noted | No transactions noted |
| Price of Prior Sale/Transfer | within 36 months old | within 12 months old | within 12 months old | within 12 months old |
| Data Source(s) | RealQuest/MLS | RealQuest/MLS | RealQuest/MLS | RealQuest/MLS |
| Effective Date of Data Source(s) | 04/2011 | 04/2011 | 04/2011 | 04/2011 |

Analysis of prior sale or transfer history of the subject property and comparable sales  No prior sale on subject property with in 36 months of this report.    No prior sales of comps with in 12 months of there last sale date

File No.  1825WEST
Case No.

## Individual Condominium Unit Appraisal Report

| FEATURE | SUBJECT | COMPARABLE SALE #1 | | COMPARABLE SALE #2 | | COMPARABLE SALE #3 | |
|---|---|---|---|---|---|---|---|
| There are | 78 | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ | | 399,000 | to $ | 1,999,000 | . |
| There are | 81 | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ | | 400,000 | to $ | 1,640,500 | . |
| Address and | 1825 Westholme Ave 3, | 1557 S Beverly Glen Blvd 109 | | 1557 S Beverly Glen Blvd 101 | | 10590 Wilshire Blvd 306 | |
| Unit # | Los Angeles, Ca 90025 | Los Angeles Ca 90024 | | Los Angeles Ca 90024 | | Los Angeles Ca 90024 | |
| Project Name and | 1825 Westholme | None Noted | | None Noted | | None Noted | |
| Phase | 1 | 1 | | 1 | | 1 | |
| Proximity to Subject | | 0.46 miles N | | 0.46 miles N | | 0.62 miles NW | |
| Sale Price | $ | | $ 479,000 | | $ 452,000 | | $ 400,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 269.40 sq. ft. | | $ 258.58 sq. ft. | | $ 217.04 sq. ft. | |
| Data Source(s) | Inspected | FARES/CMLS/MLS | | FARES/CMLS/MLS | | FARES/CMLS/MLS | |
| Verification Source(s) | | DOC# 388773 MLS# CLW-10478395 | | DOC# 1865766 MLS# CLW-10478399 | | DOC# 1913842 MLS# 12129590 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | $383,000 / CONV | | $361,620 / CONV | | $300,000 / CONV | |
| Concessions | | Typical | | Typical | | Typical | |
| Date of Sale/Time | | 03/15/2011 | | 12/16/2010 | | 12/27/2010 | |
| Location | Average | Average | | Average | | Average | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| HOA Mo. Assessment | 250 | 420 | | 420 | | 1,700 | |
| Common Elements | None Noted | None Noted | | None Noted | | Pool/Spa/Valet | -20,000 |
| and Rec. Facilities | None Noted | None Noted | | None Noted | | Sauna/Gym/Tennis | |
| Floor Location | 1 | 1 | | 1 | | 3 | |
| View | None Noted | None Noted | | None Noted | | Residential | |
| Design (Style) | Contemporary | Contemporary | | Contemporary | | High Rise | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 30 yrs | 37 yrs | | 37 yrs | | 35 yrs | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | 0 | Total Bdrms Baths | 0 | Total Bdrms Baths | 0 |
| Room Count | 6   2   3 | 5   2   2.00 | +4,000 | 5   2   2.00 | +4,000 | 5   2   3.00 | 0 |
| Gross Living Area | 1,946 sq. ft. | 1,778 sq. ft. | +5,000 | 1,748 sq. ft. | +6,000 | 1,843 sq. ft. | +3,000 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Central | Central | | Central | | Central | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | 2 Car Subterranean | 2 Car Subterranean | 0 | 2 Car Subterranean | 0 | 2 Car Subterranean | 0 |
| Porch/Patio/Deck | Porch,Balcony | Similar | | Similar | | Balcony | |
| Fireplaces | 2 Fireplace | 1 Fireplace | +5,000 | 1 Fireplace | +5,000 | 1 Fireplace | +5,000 |
| APN | 4317-004-081 | 4327-005-046 | | 4327-005-038 | | 4326-002-026 | |
| Net Adjustment (Total) | | X + - | $ 14,000 | X + - | $ 15,000 | + X - | $ -12,000 |
| Adjusted Sale Price | | Net Adj: 3% | | Net Adj: 3% | | Net Adj: -3% | |
| of Comparables | | Gross Adj: 3% | $ 493,000 | Gross Adj: 3% | $ 467,000 | Gross Adj: 7% | $ 388,000 |

Summary of Sales Comparison Analysis. Sales recited are from subject neighborhood and are within acceptable proximity to the subject. Comparables are the most recent and most
similar to subject. Adjustments warranted are as follows;
Date of Sale adjustments are based on data from DQ News and paired sales analysis, but all sales are close of escrow, and all sales are recent sales having closed within the past 4
months, no adjustment was warranted.
GROSS LIVING AREA: Differences in gross living area greater than 100 sq. ft., relative to the subject, were adjusted at $30 per square foot, rounded the nearest $1,000.
CONDITION: An $20,000-$30,000 adjustment was made for comps that were superior to subject property.
BEDROOM AND BATHROOM: Differences in bedroom and bathroom were adjusted at $7,000 per bedroom and $4,000 per bathroom.
GARAGE/CARPORT: An $5,000 adjustment was indicated per garage/car.
Negotiation Factor at 5%.
Common Elements/Recroom/Assoc Pool/Spa/Sauna/Tennis and etc. (between $10,000-$20,000).
All values affecting dissimilarities were adjusted according to market reaction. Equal consideration was given to all sales as they are equally similar to subject.
Indicated Value by Sales Comparison Approach $    430,000

### INCOME APPROACH TO VALUE

| Estimated monthly Market Rent $ | X Gross Rent Multiplier | =$ | Indicated Value by Income Approach (optional) |

Summary of Income Approach (including support for market rent and GRM).  Due to the lack of rented condominium residences, the Income Approach was not
developed.

Indicated Value by: Sales Comparison Approach $    430,000    Income Approach (if developed) $

The market data approach is most reliable as it reflects buyer actions. The cost approach is inapplicable as market would not build only one unit, and
the income approach is inapplicable. This is a self contained report with no departure from USPAP Standards 1 & 2.

This appraisal is made [X] "as is,"  [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been
completed, [ ]  subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or  [ ] subject to
the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting
conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$    430,000    as of    04/14/2011

John & Associates
**EXTRA COMPARABLES 4-5-6**

File No.    1825WEST
Case No.

Borrower   Newman Tony/Neman Desiree /TR
Property Address  1825 Westholme Ave 3

| City | Los Angeles | County | Los Angeles | State | Ca | Zip Code | 90025 |
|---|---|---|---|---|---|---|---|

Lender/Client      William H. Brownstein, Attorney at Law   Address   1250 Sixth St.Suite 205, Newhall, CA 91321

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address and Unit # | 1825 Westholme Ave 3, Los Angeles, Ca 90025 | 1818 Pelham Ave 206 Los Angeles Ca 90025 | | 10620 Eastborne Ave 101 Los Angeles Ca 90024 | | 1818 Pelham Ave 103 Los Angeles Ca 90025 | |
| Project Name and Phase | 1825 Westholme 1 | None Noted 1 | | None Noted 1 | | None Noted 1 | |
| Proximity to Subject | | 0.22 miles SW | | 0.14 miles W | | 0.22 miles SW | |
| Sale Price | $ | $ 569,000 | | $ 559,980 | | $ 629,000 | |
| Sale Price/Gross Liv. Area | 0.00 sq. ft. | $ 301.70 sq. ft. | | $ 310.41 sq. ft. | | $ 348.67 sq. ft. | |
| Data Source(s) | Inspected | FARES/CMLS/MLS | | FARES/CMLS/MLS | | FARES/CMLS/MLS | |
| Verification Source(s) | | DOC# 1748555 MLS# CLW-10425787 | | MLS# CLW-11510611 | | MLS# CLW-11508743 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | $455,200 / CONV | | Pending Sale | | Active Listing | |
| Concessions | | Typical | | Disc. at 9% | -50,000 | Disc. at 9% | -57,000 |
| Date of Sale/Time | | 12/01/2010 | | Listed: 03/01/2011 | | Listed: 02/20/2011 | |
| Location | Average | Average | | Average | | Average | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| HOA Mo. Assessment | 250 | 550 | | 500 | | 550 | |
| Common Elements | None Noted | Pool/Spa | -10,000 | None Noted | | Pool/Spa | -10,000 |
| and Rec. Facilities | None Noted | Sauna | | None Noted | | None Noted | |
| Floor Location | 1 | 1 | | 1 | | 1 | |
| View | None Noted | None Noted | | None Noted | | None Noted | |
| Design (Style) | Contemporary | Contemporary | | Contemporary | | Contemporary | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 30 yrs | 37 yrs | | 25 yrs | | 25 yrs | |
| Condition | Average | Average | | Average | | Superior | -30,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 6  2  3 | 5  2  2.00 | +4,000 | 5  2  2.00 | +4,000 | 5  2  2.00 | +4,000 |
| Gross Living Area | 1,946 sq. ft. | 1,886 sq. ft. | 0 | 1,804 sq. ft. | +4,000 | 1,804 sq. ft. | +4,000 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Central | Central | | Central | | Central | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | 2 Car Subterranean | 2 Car Subterranean | | 2 Car Subterranean | 0 | 2 Car Subterranean | 0 |
| Porch/Patio/Deck | Porch,Balcony | Similar | | Similar | | Similar | |
| Fireplaces | 2 Fireplace | 1 Fireplace | +5,000 | 1 Fireplace | +5,000 | 1 Fireplace | +5,000 |
| APN | 4317-004-081 | 4321-004-063 | | 4326-034-065 | | 4326-034-065 | |
| Net Adjustment (Total) | | + X - | $ -1,000 | + X - | $ -37,000 | + X - | $ -84,000 |
| Adjusted Sale Price | | Net Adj: 0% | | Net Adj: -7% | | Net Adj: -13% | |
| of Comparables | | Gross Adj: 3% | $ 568,000 | Gross Adj: 11% | $ 522,980 | Gross Adj: 17% | $ 545,000 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales

| ITEM | SUBJECT | COMPARABLE SALE # 4 | COMPARABLE SALE # 5 | COMPARABLE SALE # 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No transactions noted | No transactions noted | No transactions noted | No transactions noted |
| Price of Prior Sale/Transfer | within 36 months per | within 12 months per | within 12 months per | within 12 months per |
| Data Source(s) | RealQuest/MLS | RealQuest/MLS | RealQuest/MLS | RealQuest/MLS |
| Effective Date of Data Source(s) | 04/2011 | 04/2011 | 04/2011 | 04/2011 |

Summary of Sales Comparison Analysis.

**EXHIBIT "2"**

## APPRAISAL AND REPORT IDENTIFICATION

File No.   1825WEST
Case No.

Borrower   Newman Tony/Neman Desiree /TR
Property Address 1825 Westholme Ave 3

| City | Los Angeles | County | Los Angeles | State | Ca | Zip Code | 90025 |
|------|------|------|------|------|------|------|------|

Lender/Client      William H. Brownstein, Attorney at Law      Address 1250 Sixth St Suite 205, Newhall, CA 91321

This Appraisal Report is one of the following types:

☐ **Self Contained**
A written report prepared under Standards Rule 2-2(A), pursuant to the Scope of Work, as disclosed elsewhere in this report.

☒ **Summary**
A written report prepared under Standards Rule 2-2(B), pursuant to the Scope of Work, as disclosed elsewhere in this report.

☐ **Restricted Use**
A written report prepared under Standards Rule 2-2(C), pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.

### Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:

· The statements of fact contained in this report are true and correct.
· The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
· I have no (or the specified) present or prospective interest in the property that is the subject of this report, and no (or the specified) personal interest with respect to the parties involved.
· I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
· My engagement in this assignment was not contingent upon developing or reporting predetermined results.
· My compensation for completing this assignments is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
· My analyses, opinion and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
· I have (or have not) made a personal inspection of the property that is the subject of this report.
· No one provided significant real property appraisal assistance to the person signing this certification. (If there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report.)

### Comments on Appraisal and Report Identification
**Note any USPAP related issues requiring disclosure and any State mandated requirements:**

SCOPE OF WORK HAS BEEN DEFINED IN REPORT TO INCLUDES BUT IS NOT LIMITED TO THE EXTENT TO WHICH THE PROPERTY IS IDENTIFIED, THE EXTENT TO WHICH TANGIBLE PROPERTY WAS INSPECTED, THE TYPE AND EXTENT OF THE DATA RESEARCHED AND THE TYPE AND EXTENT OF ANALYSES APPLIED TO ARRIVE AT OPINIONS OR CONCLUSIONS.

**APPRAISER:**

Signature:
Name: Ovanes J. Gyurlian
Date Signed: 04/15/2011
State Certification #:
or State License #:  AL042579
State: CA
Expiration Date of Certification or License:   05/22/2011

Effective Date of Appraisal:        04/14/2011

**SUPERVISORY APPRAISER**   (only if required)

Signature:
Name:
Date Signed:
State Certification #:
or State License #:
State:
Expiration Date of Certification or License:
☐ Did Not ☐ Exterior Only From Street ☐ Interior and Exterior

EXHIBIT "2"

John & Associates
### SUBJECT PHOTO ADDENDUM

File No.   1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City Los Angeles | County | Los Angeles | State | Ca | Zip Code | 90025 | |
| Lender/Client | William H. Brownstein, Attorney at Law | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | | |



**FRONT OF
SUBJECT PROPERTY**
1825 Westholme Ave 3
Los Angeles, Ca 90025



**REAR OF
SUBJECT PROPERTY**



**STREET SCENE**

John & Associates
### SUBJECT PHOTO ADDENDUM

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



Living Room



Kitchen



Dining Room

John & Associates
**SUBJECT PHOTO ADDENDUM**

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



Bath



Bedroom



Possible water damage

John & Associates

## SUBJECT PHOTO ADDENDUM

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



Loft



Bedroom



Missing fan cover in bathroom and
possible water damage to ceiling

John & Associates

## SUBJECT PHOTO ADDENDUM

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City Los Angeles | | County Los Angeles | | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



Cracked and damaged drywall
Possible water damage



2 Car Subterranean Parking



John & Associates
## SUBJECT PHOTO ADDENDUM

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



Front Porch



Possible water damage



Possible water damage

John & Associates
### SUBJECT PHOTO ADDENDUM

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St. Suite 205, Newhall, CA 91321 | | | |



Underground subterranean garage
Possible water damage



Subject's unit water heater
Liking water heater needs replacement



John & Associates

**COMPARABLES 1-2-3**

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



**COMPARABLE SALE #      1**
1557 S Beverly Glen Blvd 109
Los Angeles Ca 90024



**COMPARABLE SALE #      2**
1557 S Beverly Glen Blvd 101
Los Angeles Ca 90024



**COMPARABLE SALE #      3**
10590 Wilshire Blvd 306
Los Angeles Ca 90024

John & Associates
**COMPARABLES 4-5-6**

File No.    1825WEST
Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address  1250 Sixth St.Suite 205, Newhall, CA 1321 | | | | |



**COMPARABLE SALE #    4**
1818 Pelham Ave 206
Los Angeles Ca 90025



**COMPARABLE SALE #    5**
10820 Eastborne Ave 101
Los Angeles Ca 90024



**COMPARABLE SALE #    6**
1818 Pelham Ave 103
Los Angeles Ca 90025

John & Associates

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |

Additional Features.
Subject property features but not limited to average exterior paint, with original windows. Also average interior paint, flooring features its dated original carpet and tile floors. Kitchen has its original cabinets with its original dated appliances and granite counter tops. Subject bathrooms have tile floors. Per current owner subject property's central air and heating unit is not in working condition and needs to be replaced, cost to cure is $3,500. water heater is licking, cost to cure $2,500, water damage to the ceiling and dry walls, cost to cure $1,500 water damage to the roof on subjects building, cost to cure $2000 for each unit.

The predominant value is slightly higher than appraised value, due to the data that was used for predominant value is the whole neighborhood's median value for mostly high rise condos and condos with high HOA fees that have amenities; however, the comps that were used in this appraisal report are specific to subject property's area. I researched this appraisal carefully, and I used 6 best comparables I could find in this report.

Reconciliation of the Sales Comparison Approach

The adjusted sales prices ranged from $388,000 to $568,000. All of the transactions were timely, and proximate to the subject in our analysis, we have placed emphasis on all the comparables because they share similarities to the subject in terms of size, quality, condition, and amenities within the subject's immediate neighborhood to illustrate the subject's estimate of value. All comps have been weight equally and give equal consideration and it is our opinion that a final estimate of value of $430,000 is reasonable for the subject property by the sales comparison approach.

PURPOSE AND FUNCTION OF THE APPRAISAL:
The purpose of the appraisal is to estimate the market value of the subject property as defined herein. The function of the appraisal is to assist the above named client in evaluating the subject property for loan making decisions in federally related transactions.

INTENDED USE OF THE REPORT:
This Summary Appraisal Report is intended for use by the lender/client for a mortgage finance transaction only. The lender/client is identified in the appraisal report. This report is not intended for any other use.

EXTENT OF THE APPRAISAL PROCESS:
The appraisal is being prepared in accordance with the following entities: the Uniform Standards of Professional Practice (USPAP); the Federal Deposit Insurance Corp. (FDIC); the Federal Reserve; and the Federal National Mortgage Association.

Digital Signature
This report contains an electronic digital signature(s) affixed by the appraiser(s). This advanced technology has been authorized by the Appraisal Standards Board of the Appraisal Foundation as compliant under specific reporting guidelines of the Uniform Standards of Professional Appraisal Practice (USPAP). The process not only acknowledges the authenticity of a printed paper copy of the report but also the file in its state of electronic storage.

The technology encompasses transmission integrity, signature security, and record keeping for each individual appraiser that affixes the signature. The appraiser has sole personal control of affixing a signature certifying its authenticity and accepting responsibility for content analysis, and conclusions in the report.

EXHIBIT "2"

**LOCATION MAP ADDENDUM**

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 | |
| Lender/Client    William H. Brownstein, Attorney at Law | | | Address  1250 Sixth St.Suite 205, Newhall, CA 91321 | | | | | |



EXHIBIT "2"

John & Associates
**SKETCH ADDENDUM**

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



John & Associates
**PLAT MAP**

File No.    1825WEST
Case No.

| Borrower | Newman Tony/Neman Desiree /TR | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 1825 Westholme Ave 3 | | | | | | |
| City  Los Angeles | | County | Los Angeles | State | Ca | Zip Code | 90025 |
| Lender/Client | William H. Brownstein, Attorney at Law | | Address | 1250 Sixth St.Suite 205, Newhall, CA 91321 | | | |



EXHIBIT "2"

32

File No.    1825WEST
Case No.

This appraisal report is subject to the scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. The Appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment.

## SCOPE OF WORK:
The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

## DEFINITION OF MARKET VALUE:
As per Fannie Mae the definition of market value is the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

## STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:
The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

NL - General Certification 5/2007        This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.
EXHIBIT "2"
Produced by ClickFORMS Software 800-622-8727                    Page    19   of   22
33

John A. Associates    File No.   1825WEST
Case No.

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event.

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

NL - General Certification 5/2007    This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.
Produced by ClickFORMS Software 800-622-8727    Page  20  of  22

EXHIBIT

34

21. I am aware that any disclosure or distribution of this appraisal report by me or the client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

22. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

APPRAISER

Signature
Name       Ovanes J. Gyurjian
Company Name John & Associates
Company Address  5802 Cedros Ave
                 Van Nuys, CA 91411
Telephone Number 323 833-6361
Email Address hovanes7@yahoo.com
Date of Signature and Report 04/15/2011
Effective Date of Appraisal 04/14/2011
State Certification #
or State License #    AL042579
or Other (describe) _____ State # _____
State       CA
Expiration Date of Certification or License  05/22/2011

ADDRESS OF PROPERTY APPRAISED
 1825 Westholme Ave 3
 Los Angeles, Ca 90025

APPRAISED VALUE OF SUBJECT PROPERTY $      430,000
CLIENT
Name
Company Name William H. Brownstein, Attorney at Law
Company Address  1250 Sixth St Suite 205
                 Santa Monica, CA 90401
Email Address

SUPERVISORY APPRAISER (ONLY IF REQUIRED)

Signature
Name
Company Name
Company Address
Telephone Number
Email Address
Date of Signature
State Certification #
or State License #
State
Expiration Date of Certification or License

SUBJECT PROPERTY

☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
  Date of Inspection
☐ Did inspect interior and exterior of subject property
  Date of Inspection

COMPARABLE SALES
☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
  Date of Inspection

NL - General Certification 5/2007     This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.

EXHIBIT "2"
35
Produced by ClickFORMS Software 800-622-8727          Page   21  of   22

Produced by ClickFORMS Software 800-622-8727

Page  22  of  22

## STATE OF CALIFORNIA



Business, Transportation & Housing Agency

### OFFICE OF REAL ESTATE APPRAISERS

## REAL ESTATE APPRAISER LICENSE

OREA APPRAISER IDENTIFICATION NUMBER    | AL042579 |

### OVANES J. GYURJIAN

has successfully met the requirements for licensing as a real estate appraiser in the State of California and is, therefore, entitled to use the title "Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

OFFICE OF REAL ESTATE APPRAISERS

*Bob Clark*

Date Issued:  May 23, 2009
Date Expires:  May 22, 2011

Audit No. 1 1 9 2 4 5

THIS DOCUMENT CONTAINS A TRUE WATERMARK • HOLD UP TO LIGHT TO SEE "SAFE" AND "VERIFY FIRST"

Response to Motion for Relief from Stay    Page 37 of 38    **F 4001-1M.RES**

| In re | (SHORT TITLE) | CHAPTER: 11 |
| DESIREE NEMAN 1999 TRUST, BUSINESS TRUST, | | |
| | Debtor(s). | CASE NO.: 1:10-bk-22182 |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637

A true and correct copy of the foregoing document described as  Response to Motion for Relief from Stay
_____ will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document.  On April 26, 2011 _____ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:
Joe M Lozano on behalf of Creditor JPMorgan Chase Bank N.A. notice@NBSDefaultServices.com
Nathan F Smith on behalf of Creditor JPMorgan Chase Bank, National Association nathan@mclaw.org
United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
Diane Weil (TR) dcw@dcweillaw.com, dweil@ecf.epiqsystems.com
☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On April 26, 2011 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 26, 2011 _____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 26, 2011 | Cynthia Pieler | |
| Date | Type Name | Signature |

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RES**

| In re                                              (SHORT TITLE)<br>DESIREE NEMAN 1999 TRUST, BUSINESS TRUST,<br><br>                                                        Debtor(s). | CHAPTER:  11<br><br>CASE NO.: 1:10-bk-22182 |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

j

---

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 4001-1M.RES**