1  William H. Brownstein, SBN 84507
   William H. Brownstein & Associates,
2  Professional Corporation
   1250 Sixth Street
3  Suite 205
   Santa Monica, CA 90401-1637
4  (310) 458-0048
   FAX: (310) 576-3581
5  Email: Brownsteinlaw.bill@gmail.com

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DESIREE NEMAN 1999 TRUST,<br>BUSINESS TRUST,<br><br>Debtor | **Bk. No.** 1:10-bk-22182-GM<br><br>In a Case Under Chapter<br>11 of the Bankruptcy Code<br>(11 U.S.C. § 1101 et seq.)<br><br>**DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN**<br><br>**Disclosure Statement Hearing**<br><br>Date: September 20, 2011<br>Time: 10:00 a.m.<br>Ctrm: 303<br>   21041 Burbank Boulevard<br>   Woodland Hills, CA 91367<br><br>**Plan Confirmation Hearing**<br>Complete This Section When Applicable<br>Date: _____<br>Time: _____<br>Ctrm  303<br>   21041 Burbank Boulevard<br>   Woodland Hills, CA 91367 |

# TABLE OF CONTENTS

I. **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** . . . . . . . . . . 1
   A.  General Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
   B.  Unclassified Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      1.  Administrative Expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      2.  Priority Tax Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   C.  Classes of Secured Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      2.  Classes of Priority Unsecured Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      3.  Class of General Unsecured Claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      4.  Class(es) of Interest Holders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   D.  Means of Effectuating the Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      2.  Post-confirmation Management. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      3.  Disbursing Agent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. TREATMENT OF MISCELLANEOUS ITEMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   A.  Executory Contracts and Unexpired Leases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      1.  Assumptions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      2.  Rejections.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   B.  Changes in Rates Subject to Regulatory Commission Approval.. . . . . . . . . . . . . 7
   C.  Retention of Jurisdiction... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. EFFECT OF CONFIRMATION OF PLAN. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   A.  Discharge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   B.  Revesting of Property in the Debtor.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   C.  Modification of Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   D.  Post-Confirmation Status Report. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   E.  Quarterly Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   F.  Post-Confirmation Conversion/Dismissal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   G.  Final Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

EXHIBIT B - EXECUTORY CONTRACTS TO BE ASSUMED. . . . . . . . . . . . . . . . . . . . . . . . 10

**INTRODUCTION**

The Desiree Neman 1999 Trust, Business Trust (the "Debtor") is the Debtor in a Chapter 11 bankruptcy case. On September 27, 2010, the Debtor commenced a bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. On December 23, 2010, the Order Converting Debtor's case to a case under Chapter 11 under the United States Bankruptcy Code ("Code"), 11 U.S.C. §101 et seq. was entered. Chapter 11 allows the Debtor, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization ("Plan"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. The Debtor is the party proposing the Plan sent to you in the same envelope as this document. THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by contributions from third parties, rental of the property and the operation of the property. The Effective Date of the proposed Plan is the first day of the month beginning 30 days after the entry of the order confirming the Plan, unless there is an appeal and a stay of the effect of that order, in which case it will be the first day of the month beginning 30 days after the stay of the order expires.

The Desiree Neman 1999 Trust, Business Trust is the Debtor in a Chapter 11 bankruptcy case.

On September 27, 2010 the Debtor commenced a bankruptcy case by filing a Chapter 7 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq., which was later converted to a case under Chapter 11 of the Bankruptcy Code. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by contributions from third parties, rental of the property and the operation of the

property. The Effective Date is the first day of the month beginning 30 days after the entry of the order confirming the Plan, unless there is an appeal and a stay of the effect of that order, in which case it will be the first day of the month beginning 30 days after the stay of the order expires.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

**1.    Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

| **Name** | **Amount Owed** | **Treatment** |
|---|---|---|
| William H. Brownstein & Associates | 25000 | Paid over 36 months with interest |
| Clerk's Office Fees | | Paid in full on Effective Date |

| | | |
|---|---|---|
| Office of the U.S. Trustee Fees | 325 | Paid in full on Effective Date |
| | TOTAL $25,325.00 | |

**Court Approval of Fees Required:**

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan**.**

**2.    Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

The following chart lists <u>all</u> of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan.

There are no creditors falling into this classification.

**C.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| Class # | Secured Claim of | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| 1 | ● Name = JPMorgan Chase Bank, National Association | N | Y | ● Pymt interval | Monthly |
| | ● Collateral description = Subject Property | | | ● Pymt amount | $1409.47 |
| | ● Collateral value = $430,000.00 | | | ● Begin Date | 1/2/2012 |
| | ● Priority of security int. = 1st T.D. | | | ● End Date | 12/1/2021 |

3

| | | | | |
|---|---|---|---|---|
| • Principal owed = $137,573.61 | | | • Balloon Payment | $76,725.09 |
| • Pre-pet. arrearage amount = $46,673.04 | | | • Interest Rate | 4.5% |
| • Post-pet. arrearage amount = $0 | | | • Payout % | 100% |
| • Total claim amount = $184,246.65 | | | Treatment of Lien | The claimant will retain their 1st priority lien on the Subject Property. Payments will be based on a 15 year fully amortized loan at 4.5%. Debtor will make all payments and pay off the balance of the loan upon the earlier of the sale or refinance of the Subject Property or the end of ten years after the effective date of the plan. |

| Class # | Secured Claim of | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| 2 | • Name = GREEN TREE SERVICING, LLC. | N | Y | • Pymt interval | Monthly |
| | • Collateral description = Subject Property | | | • Pymt amount | $810.70 |
| | • Collateral value = $430,000.00 | | | • Begin Date | 1/2/2012 |
| | • Priority of security int. = 2st T.D. | | | • End Date | 12/1/2021 |
| | • Principal owed = $ 160,000.00 | | | • Balloon Payment | $128,472.02 |
| | • Pre-pet. arrearage amount = $345,896.37 | | | • Interest Rate | 4.5% |
| | • Post-pet. arrearage amount = $0 | | | • Payout % | 100% secured claim |

4

| | | | | |
|---|---|---|---|---|
| ● Total claim amount = $505,896.37 | | | Treatment of Lien | The claimant will retain their 2nd priority lien on the Subject Property which will be in the amount of $160,000.00 and the balance of its claim of $345,896.37 will be treated as a general unsecured Class 3 creditor claim. Payments will be based on a 30 year fully amortized loan at 4.5%. Debtor will make all payments and pay off the balance of the loan upon the earlier of the sale or refinance of the Subject Property or the end of ten years after the effective date of the plan. |

**2.    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) priority unsecured claims and their treatment under this Plan (see Exhibit G for more detailed information about each priority unsecured claim):

There are no creditors falling into this category.

**3.    Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims (see Exhibit H for detailed information about each general unsecured claim):

5

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 3 | **General unsecured claims**<br><br>● **Total amt of claims = @$400,000.00** | Y | l Pymt interval<br>l Pymt amt/interval<br>l Begin date<br>l End date<br>l Interest rate %<br>l Total payout % | = Monthly<br>= $333.33 Month<br>= 1/1/2012<br>= 12/1/2021<br>= 0<br>= 10% |

4. **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders (see Exhibit I for more detailed information about each interest holder):

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | **Interest holders** | N | **Retain their interest in the Subject Property** |

D. **Means of Effectuating the Plan**

1. **Funding for the Plan**

The Plan will be funded by the following:

Rental income from the rental of the Subject Property, initially $1,950.00 a month.

Also contributions from Desiree Neman will be made to fund the Plan.

Also, once Tony Neman, the Settlor received the payout from his foreign transaction he will make a new value contribution to the Debtor of $100,000.00, which will be used as an equity cushion.

2. **Post-confirmation Management**

6

Tony Neman, the Settlor of the Trust will manage the Debtor post-confirmation.

**3.    Disbursing Agent**

Tony Neman shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive nothing for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

**1.    Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed and Exhibit B for more detailed information on executory contracts to be assumed): The Debtor has no executory contracts or unexpired leases.

**2.    Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected: The Debtor has no such contracts.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS _____ .**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.    Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.    Retention of Jurisdiction.**

7

The Court will retain jurisdiction to the extent provided by law.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

**A.    Discharge**

This Plan provides that upon the Effective date of the Plan, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C.§ 1141.  However, the discharge will not discharge any liability imposed by the Plan.

**B.    Revesting of Property in the Debtor**

Except as provided in Section {V.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28

U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**G.    Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

DATED: August 5, 2011                    Respectfully submitted,

Desiree Neman 1999 Trust, Business Trust

By: _____
Tony Neman, Settlor


William H. Brownstein & Associates,
   Professional Corporation

By: _____
William H. Brownstein, Attorneys for
Debtor and Debtor in Possession

9

**EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED**

The Debtor has no unexpired leases.

**EXHIBIT B - EXECUTORY CONTRACTS TO BE ASSUMED**

The Debtor has no executory contracts.